UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JULIO CESAR RODRIGUEZ-
CARDENAS,

                    Petitioner,

          v.                                    C26-1052 TSZ

BRUCE SCOTT; and MARKWAYNE          ORDER
MULLIN,[1]

                    Respondents.

THIS MATTER comes before the Court on an amended petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241, docket no. 6.  Having reviewed all papers

filed in support of, and in opposition to, the habeas petition, the Court enters the

following order.

**Background**

Petitioner Julio Cesar Rodriguez-Cardenas is a citizen of Mexico.  Record of

Deportable/Inadmissible Alien, Ex. 2 to Morris Decl. (docket no. 10-2 at 2).  Petitioner

---

[1] Markwayne Mullin, Secretary of the U.S. Department of Homeland Security, is substituted for former Secretary Kristi Noem. See Fed. R. Civ. P. 25(d).

ORDER - 1

first entered the United States in or around 1996 and subsequently reentered the United States about four more times between January 2001 and October 1, 2004, in California without being inspected or admitted.  Dumo Decl. at ℙ 3 (docket no. 9).  On October 7, 1998, Petitioner was convicted of theft in the second degree in Oregon.  Id. at ℙ 4.  Petitioner was permitted to voluntary return to Mexico after this conviction.  Id. at ℙ 3.  The United States Border Patrol detained Petitioner in California on October 1, 2004, upon Petitioner's entry into the country.  Id.  On or about October 14, 2004, an immigration judge in California ordered Petitioner removed, and he was removed to Mexico the same day.  Id.  Petitioner re-entered the United States without inspection or authorization at some later date.

On or about July 28, 2024, U.S. Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") officers encountered Petitioner at the Josephine County Jail in Grants Pass, Oregon.  Dumo Decl. at ℙ 1, 5.  Petitioner's detention resulted after his arrest for Unlawful Manufacture of Marijuana, Unlawful Possession of Marijuana (21 or older), and Unlawful Appropriation of Ground Water.  Id. at ℙ 5.  Oregon officials dismissed the charges on October 6, 2025, and Petitioner was released from jail.  Id.  On or about September 30, 2025, ERO issued a Notice of Intent to Reinstate Prior Order of the Petitioner ("Notice of Intent"), docket no. 10-1 at 2, pursuant to Section 241(a)(5) of the INA, based on the previous 2004 final order of removal.  Dumo Decl. at ℙ 6 (docket no. 9).  On or about October 2, 2025, ERO detained Petitioner and booked him into the Northwest ICE Processing Center in Tacoma, Washington.  Id.  Petitioner was subsequently served with the Notice of Intent.  Id.

ORDER - 2

Petitioner claimed fear of returning to Mexico and received a referral to the United States Citizenship and Immigrations Services ("USCIS") on October 10, 2025.  Id.  On or about November 13, 2025, USCIS conducted an interview with Petitioner and found that he did not establish that he had a credible fear of return to Mexico.  Id.  On or about November 24, 2025, an immigration judge ordered that Petitioner had not established a reasonable possibility that he would be persecuted in Mexico, concurring with the USCIS reasonable fear determination.  Id. at ¶ 7.  The same day, Petitioner filed a petition for review with the Ninth Circuit and on the following day, the Ninth Circuit entered a stay of removal.  Id.  That petition remains pending.  Id.

On or about December 5, 2025, Petitioner filed with an immigration court a motion to redetermine bond.  Id. at ¶ 8.  On or about December 12, 2025, an immigration judge entered an order, at Petitioner's request, permitting Petitioner to withdraw that motion without prejudice.  Id.  Petitioner filed this amended petition for a writ of habeas corpus on April 3, 2026.  Am. Pet. (docket no. 6).  Petitioner seeks immediate release or in the alternative a bond hearing.  Id. at 12.

**Discussion**

Respondent Mullin ("Respondent") does not challenge the Court's jurisdiction. The Court has authority to grant a writ of habeas corpus to an individual who is in custody "in violation of the Constitution or law or treaties of the United States."  See 28 U.S.C. § 2241(c)(3).

Petitioner's detention is governed by 8 U.S.C. § 1231(a)(6) because the 90-day detention period mandated by § 1231(a)(1) has expired.  Petitioner was ordered removed

ORDER - 3

and was inadmissible under 8 U.S.C. § 1182(a)(9).  See Johnson v. Guzman Chavez, 594 U.S. 523, 526 (2021) ("We conclude that § 1231, not § 1226, governs the detention of aliens subject to reinstated orders of removal, meaning those aliens are not entitled to a bond hearing while they pursue withholding of removal.").

Petitioner's removal order is administratively final, and the Ninth Circuit issued a stay of his removal pending their review of the denial of withholding from removal to Mexico.[2]  See Riley v. Bondi, 606 U.S. 259, 272 (2025) ("[W]ithholding-only proceedings do not disturb the finality of an otherwise final order of removal."); see also 8 C.F.R. § 1241.1; L.R. v. Noem, --- F. Supp. 3d ----, 2026 WL 161605, at *6 (D. Nev. Jan. 21, 2026).

After a removal order becomes final, ICE is authorized to detain a noncitizen, but not indefinitely.  See Zadvydas v. Davis, 533 U.S. 678, 698–99 (2001); see also 8 U.S.C. § 1231(a).  If, after the presumptively reasonable six-month period following entry of a final removal order, the individual at issue cannot be removed from the United States, the noncitizen is entitled to habeas relief if (i) he or she provides "good reason to believe" that "no significant likelihood" exists of "removal in the reasonably foreseeable future," and (ii) the habeas respondent fails to rebut this contention.  See Zadvydas, 533 U.S. at 701; see also Clark v. Suarez–Martinez, 543 U.S. 371, 377–78 (2005) (extending

---

[2] Petitioner also argues that his recent pursuit of U-Visa relief undermines any justification for detention and demonstrates that he is not a danger to the community.  Am. Pet. at 11 (docket no. 6).  A noncitizen "who is the subject of a final order of removal, deportation, or exclusion is not precluded from filing a petition for U–1 nonimmigrant status directly with USCIS," but "[t]he filing of a petition for U–1 nonimmigrant status has no effect on ICE's authority to execute a final order." 8 C.F.R. § 214.14(c)(1)(ii).

ORDER - 4

Zadvydas to noncitizens who are detained under § 1231(a)(6) and inadmissible under 8 U.S.C. § 1182).  Respondent Mullin concedes that the presumptively reasonable six-month period has expired.  See Return at 6 (docket no. 8).

**A.    Petitioner's request for immediate release**

Petitioner argues that his removal is not reasonably foreseeable because the Ninth Circuit's stay of removal has made his detention indefinite pending its decision on his petition for review.  Am. Pet. at 6 (docket no. 6).  The Court disagrees.

Although Petitioner's detention lacks a certain end date, that "uncertainty alone does not render his detention *indefinite* in the sense the Supreme Court found constitutionally problematic in Zadvydas."  Prieto-Romero v. Clark, 534 F.3d 1053, 1063 (9th Cir. 2008).[3]  Petitioner has offered no evidence that absent the stay imposed by the Ninth Circuit, the government would not be able to remove him to Mexico in the reasonably foreseeable future.  See Diouf v. Mukasey, 542 F.3d 1222, 1233 (9th Cir. 2008).  In fact, Petitioner has already been removed to Mexico twice.  Petitioner therefore fails to carry his burden that "no significant likelihood" exists of "removal in the reasonably foreseeable future."  Zadvydas, 533 U.S. at 701.

Petitioner's request for relief of immediate release from detention pursuant to Zadvydas is DENIED.

---

[3] Petitioner argues that Respondent's reliance on Prieto-Romero is misplaced, because removal in Prieto-Romero was "practically attainable and not subject to a present legal bar."  Traverse at 4 (docket no. 11). The Court sees no material difference.  The Ninth Circuit's stay barring Petitioner's removal is tied directly to the timing of its decision on the petition for review.  That the timing of the Ninth Circuit's decision is unknown does not render Petitioner's detention "indefinite," because it is tied to a specific event.

ORDER - 5

**B.    Petitioner's request for a bond hearing**

Petitioner contends in the alternative that continued detention without an individualized determination violates due process and now requests a bond hearing.  Am. Pet. at 11–12 (docket no. 6).  The Court disagrees, because Petitioner has not exhausted administrative remedies by first requesting a bond hearing before an immigration judge.

In the immigration habeas context, administrative exhaustion is prudential, not jurisdictional.  See W.T.M. v. Bondi, 2026 WL 262583, at *2 (W.D. Wash. Jan. 30, 2026) (citing Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017)).  Prudential exhaustion is ordinarily required when (i) agency expertise necessitates agency consideration to generate a proper record and decision, (ii) excusing a party from exhausting administrative remedies would encourage the "deliberate bypass" of the administrative scheme; and (iii) administrative exhaustion would likely allow the agency to correct its own mistakes and alleviate the need for judicial review.  Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007).  Even when all three Puga factors exist, however, the Court may waive prudential exhaustion if (i) the administrative remedies are "inadequate or not efficacious," (ii) "pursuit of administrative remedies would be a futile gesture," (iii) "irreparable injury" might result, or (iv) "the administrative proceedings would be void."  See Hernandez, 872 F.3d at 988 (quoting Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004)).  Petitioner bears the burden of demonstrating that a basis exists for excusing him from the requirement of administrative exhaustion.  See Aden v. Nielsen, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019).

ORDER - 6

Petitioner argues that he is not required to exhaust administrative remedies before seeking habeas relief because such efforts would be "futile or incapable of providing meaningful relief." Am. Pet. at 9 (docket no. 6); Traverse at 6–7 (docket no. 11). Petitioner claims Tacoma immigration judges deny bond at high rates, willfully defy "federal orders by finding ways to deny bond," and impose an unfavorable burden of proof on noncitizens to prove they are not a danger or flight risk. Traverse at 6 (docket no. 11). Based on the record before the Court, the foregoing is insufficient to establish futility. Petitioner has never asked for a bond hearing. Rather, he seeks to bypass an immigration judge and any appeal to the Board of Immigration Appeals.

Accordingly, the Court concludes that Petitioner has failed to exhaust his administrative remedies and waiver of prudential exhaustion is inappropriate.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)     The Amended Petition for a Writ of Habeas Corpus, docket no. 6, is DENIED.

(2)     The Clerk is directed to enter judgment, to send a copy of this Order to all counsel of record, and to close this case.

IT IS SO ORDERED.

Dated this 18th day of June, 2026.

_____
Thomas S. Zilly
United States District Judge

ORDER - 7